Good morning, and may it please the court. Andrew Kennedy on behalf of Petitioner Appellant James Williams in this matter. I intend to try to reserve two minutes for rebuttal, but we'll see how well that goes. There are really essentially two questions pending before this court right now. The first is whether Mr. Williams' ineffective assistance of counsel claim has some merit such that it deserves a certificate of appealability through which he can pursue his argument to this court. And the second is whether Mr. Williams properly exhausted his procedural competency argument in the state courts. Because I believe that Mr. Williams' first claim is the claim on which the greatest violation of his rights did occur, I would like to address that issue first if the court would indulge me briefly. Now I understand that the court has not granted a certificate of appealability on that issue, but I would just like to say a couple things on that. The first being that while in Miller L., the Supreme Court said that you can't reach the merits if you haven't granted a certificate of appealability, that doesn't necessarily stop me from speaking about it briefly. And the second is that just before this court decides to not grant a certificate of appealability and to do away with that issue without it, I would just implore this court to do what no court has done before, which is to read the opinion in Burt v. Uchtman from the Seventh Circuit, in which three of this court's sister judges determined that a nearly identical claim did not just have some merit, but was actually meritorious on the merits. And as the Fifth Circuit said in Jordan v. Epps, recognizing this very court said that judges from its sister circuits are necessarily jurists of reason. So I just can't see how one could say that there is no merit to the question of whether there is some merit, because it's a question of substantiality and whether there's a certificate of appealability about substantiality, so it's some merit on top of itself, that when counsel coached his client, who he knew was incompetent, how to plead guilty, how he deceived the court about the existence of a psychiatrist prepared to issue an opinion, and how he simply allowed his client to do that, that is not an effective assistance to counsel. But I'll move on to the issue that has been certified for this case, and that is whether Mr. Williams properly exhausted his claim of procedural competence. And there are two ways in which he did so, or two ways in which this court could find that he did so. The first being that his argument to the court, to the state court, satisfied the requirements for a claim of procedural incompetency. And the second is that under this court's holding in Lonsburg v. Thompson, the two issues, even if he hadn't argued it, if he had argued it exclusively as one of substantive competency, they're so intertwined that exhaustion of one exhausts the other. With regard to that first part, the test is very simple. He needs to apprise the state court that he was making a claim under the U.S. Constitution. He unquestionably did that. He began his argument by citing to the 14th Amendment and the Due Process Clause. Then he must describe both the operative facts and the federal legal theory upon which his claim is based so that the state courts could have a fair opportunity to apply the controlling legal principles to the facts bearing upon his constitutional claim. And that's from this court's opinion in Castillo. The federal legal theory was clearly laid out there. He cited to Pate. Pate is the Supreme Court case on procedural competency. As we cited repeatedly in our brief, there are many courts that have referred to a procedural competency claim as, quote-unquote, a Pate claim. By invoking Pate, he was invoking the question of procedural competency. And he cited to two other cases, Droop and Godinez, which also dealt with procedural competency and dealt with Pate in the context of procedural competency. And in fact, if you look at the supplemental authorities cited by the state, those cases too refer to procedural competency claims as Pate claims. He put the Pate question before the court. And then when you look at the second part of that test, which is that did he put out the facts that support that claim, he did so repeatedly by repeatedly pointing out the fact that the question was one of all these people, his attorneys, the judge, should have had substantial doubts as to his competency. And that is the test of Pate. That's not the test of Dusky. That's not the test of substantive competency. The test for procedural competency is, were there bona fide doubts as to this person's competency? And he repeatedly said, the very third sentence of his argument on competency, he says, if these claims were imagined or perceived as the court's findings, they cast substantial doubt on the rationality of Mr. Williams' choice. To me, it's plain that Mr. Williams' attorney did lay out both the facts and the controlling legal theory such that his argument exhausted the claim of procedural competency. And then if you look at the district court's opinion, it doesn't really address this issue at all. All it says is the two claims quote-unquote differed. That doesn't address the question of whether he had properly exhausted the claim. And the case to which the state court cites, Baldwin v. Reese, deals with an issue in which someone cites to a state court case and whether citing that state court opinion was enough to exhaust the federal issue. That's just not what happened here. He cited to the relevant federal issue, and that's enough to exhaust. But the other part of this issue is, under this court's very opinion in Wallensbury, even if he hadn't argued the relevant factors of a procedural competency claim, it was enough because the two issues were intertwined. There's no way that one could put forth this claim if it was exclusively one of substantive competency that said Mr. Williams was so incompetent that he couldn't be convicted that you wouldn't first have to look at the question of should there have been bona fide doubts as to the competency. And the state hasn't had any response to this, and the only argument that the district court has had to this was that the procedural posture was different. But the fact is that to say that simply because the procedural posture was different, that means that Wallensbury has no effect would be to essentially deprive Wallensbury of any effect. And if you look at this court's opinion in Andrews, that's not what is supposed to happen. In Andrews there were two very different concepts that had to do with the delay in carrying out an execution and whether it was an individual or collective right. Those were not issues of procedural and substantive competency. In this case we're dealing with the same two questions, I think flipped in a way that make it much more so that questioning one questions the other. And what the court said in Andrews was that in Wallensbury held that exhaustion of a procedural challenge to petitioner's competency determination exhausted a substantive competency challenge to the same determination, though the two challenges relied on 50-minute theories. And it pointed out that the petitioner had not introduced any new facts or arguments since he raised the argument to the state court. That's the same as what happened here. Mr. Williams has not advanced any new arguments, any new facts. He's simply saying that the question has always been one of procedural competency. Meaning that what should have happened? Meaning that a hearing should have been held at which you're saying what should have happened at the trial court? When should there have been another hearing? At any number of times in the trial court. Frankly, I think from the very outset when counsel was trying to capitulate on competency, I think there should have been some sort of hearing at which somebody, which the court recognized, no, they're At the time of the plea? Is that what you're talking about? I think there are a half a dozen times when it should have happened, frankly. It never happened. But I think there were doubts at the time that he tried to waive competency. I think there were doubts at the time of the plea. I think there were repeated doubts. Every time that Mr. Williams said, I'm pleading guilty because I am guilty, he immediately followed it up with, but actually I'm doing this because they're breaking my fingers. And the fact that his attorney made these equivocating statements to the court about if someone should come forward in the future and seek to challenge competency, maybe this court would consider that. I think repeatedly the court should have had doubts throughout. And I think the court did have doubts. The court told Mr. Williams, you can't plead guilty with an asterisk. That's an indication that, and the court told him at one point when he was trying to plead guilty, said, I'm not endorsing your views on this at all. The court knew that Mr. Williams was- Let me ask how this works as a practical matter. We have Lounsbury where the procedural exhausted the substantive up here. And it isn't necessarily logical asking for substance would exhaust the procedural. I don't know that there's two sides of an equal coin. But if he makes a substantive challenge, then on habeas, and he doesn't offer any additional data or maybe even if he does, the district court in determining on habeas has to determine whether or not basically there was competency to assist the lawyer and go to trial, right? If you raise substantive, yes. If you raise a substantive. And if you raise a substantive and they say, well, basically the answer is yes, there was not a real substantive problem. Then does a procedural challenge get you anywhere? I think a procedural competency would get us somewhere because- Where would it get you? Well, I think the threshold is much lower for procedural. All there needs to be- But if you ruled on a substantive that based on the evidence provided that there is no doesn't the procedural in effect pass out of existence? Because what are you going to say? I mean, that they should have had a hearing on something that they're now saying as a matter of law, a claim didn't exist at all? I don't think so. Because I think a substantive, the ruling on substantive would be saying under the evidence that we have, under the evidence that they had, which is dictated by the fact that they never held a hearing. They never heard from a defense expert. They never heard anyone challenge the state's expert who could be impeached six ways from Sunday. And so they had a limited universe of evidence. So they're saying under this limit- That's one of the big differences between a substantive and a procedural challenge. On a procedural challenge, you can bring in additional evidence, correct? On a procedural- No. No, I don't think you could under- Substantive, not procedural. On procedural, you're fixed with- Yes. What does the trial court have in front of him or her? Yes. You've got the deck of cards served up. But on a substantive, you don't have that restriction. Yes, you could, which they didn't here. They didn't, but you could. Yes, you could. So you can have completely different boxes of evidence you'd be looking at. Yes, but that wasn't the case here. So if you have no different evidence, which is your case here, because nobody introduced any additional evidence, right? True. Okay. So if the remedy in the case of a substantive claim is if you're correct that he lacked sufficient ability and competence, then of course it would tip the verdict for the whatever proceeding, correct? Yes. But if he didn't lack it, then you still think you would go back and have a hearing on whether there was a problem? The Supreme Court has said that you pretty much can't go back and have a retrospective competency hearing. Well, no, I'm just saying, what I'm trying to get is that you're throwing out the generalities and I'm trying to figure out, okay, well, let's put it in practical sense. The district court says you raised a substantive challenge and you lose on that. Do you think that you still have a procedural challenge on the record that the trial judge should have had a hearing? Yes, because I think the threshold for that is so much lower. But then where does that get you? Because you've already determined that the person substantively was competent to proceed with the proceeding. But that's only on the evidence that was available at a hearing. That evidence could have been developed much more. No, because if we're looking at a procedural challenge, we're looking at whether there was enough there that would spur or require action by the trial judge to have a hearing. That's all we're looking at. Yes. That's the only relief you initially are getting. And the answer to that is, let's say the answer is no, that there wasn't enough there that would have required a hearing. Okay, end of story. If there was enough there, then you're saying, okay, well, now let's go back and have that hearing, right? Yes, but you can't go back and have the hearing. Right. So what do you have? Well, again, I think that you... So what's the remedy? Well, I think the remedy has to be that, as the Supreme Court has held, because you can't do a retrospective competence hearing, that the remedy ultimately would merge with the result of a substantive competence hearing. It would be that the conviction would be thrown out, but... The conviction is only thrown out if the substantive competency hearing shows that the person was not competent. I disagree with that because I think that the substantive competency, the question of substantive competency hearing would have been, it's just, was there enough evidence to hold one? And that's a much lower bar. Well, you're talking about procedural competence. Yes. Yeah, but... I think we're just talking past each other in that you haven't really engaged with what would happen if you were to hear both claims. And if you were to hear both claims, you could take the evidence that you had and you could potentially add more and make an argument on substantive competency. And my point was, if the result of that was that an individual was substantively competent, then the procedural competency issue is essentially moot. I don't believe that's the case. Where do you get? In other words, you're telling me you can't have a backwards substantive procedural competency hearing, but if on the primary point you've been determined to be competent and you're saying, well, no, it's not moot, what would happen? What would, as a practical matter, what would the Court of Appeals or the District Court order? I think it would have to vacate the conviction because they didn't hold the competency hearing. Even though now the person's been determined to be competent. On the evidence available to them. And if the evidence is exactly the same, you would have the same, you'd say, well, it doesn't matter that substantively you've been determined to be competent, even on the same evidence that was available back then, we were going to vacate your conviction. But the point is that the thresholds are different. I know. Okay. I apologize. We understand the thresholds are different, but you don't want to acknowledge that there was something kicked out, even if substantively you're competent. I don't think substantively was competent. I understand that. He was found substantively competent. I'm not saying it was or wasn't. We're just trying to sort out the avenues to get to different places. Okay. Thank you. Thank you. May it please the court, Mandy Rose, Assistant Attorney General for Appellee Robert Herzog. The certified issue before this court is whether Mr. Williams raised the same claim in federal court as he did in state court, which is required for exhaustion purposes. And Mr. Williams argued or noted in his, in the district court that from a linguistic perspective, it is true that he is raising or raised a substantive competency claim in the state courts and he is now raising a procedural competency claim. Second, Lounsbury v. Thompson does not apply in this case because counsel made a strategic choice to argue substantive competency to the exclusion of procedural competency. And both the first and the second issues are made abundantly clear in the state court briefings, specifically Mr. Williams' reply brief. And unlike . . . What about his references to Pate initially? Yeah. Yeah. Sure. And I wanted to point out in Mr. Williams' reply brief in the state court briefing makes all, kind of ties all of this together, what his claims really were. In the state's response in the state court briefing, it's docket 21, exhibit 5. The state specifically said that Mr. Williams does not argue that the state failed to comply with procedures in the competency statute in RCW 10.77.60 and that Mr. Williams waived any such claim under state v. Hedrick. In Mr. Williams' reply brief, again in the state court briefing, which is docket 21, exhibit 6, Mr. Williams does not cite Pate v. Robinson at all. And in his reply brief, he has the exact same sentence that Mr. Williams' attorney discussed today. That is, if the abuse were due to delusions, there is reason to believe that he lacked the ability to rationally assist his counsel and rationally understand the proceedings against him. And the case cited immediately after that is Dusky v. United States. Which is the substantive . . . Which is the substantive case. He even notes in his briefing before this court that that is the seminal case on substantive competency. And in the reply brief, Mr. Williams' counsel, and again this is his attorney's submit, this is not pro se pleadings, Mr. Williams' attorney did not refute or deny in any way that he was not raising a procedural claim under 10.77.60, nor did he disagree or refute in any way that he was waiving any such claim under state v. Hedrick. And the Pate citation in Mr. Williams' opening brief is also problematic in terms of the context for which he cited Dupayte v. Robinson for. He did not tie Pate v. Robinson to any facts or argument within his briefing. And what he cited Dupayte for was not the holding he discussed today, but the general due process standard for competency that an individual cannot be tried and convicted while incompetent. He did not cite Dupayte for the holding that if a court has bona fide doubts about competency, the court shall sua sponte inquire into the defendant's competency, which actually comes about seven or eight pages later in the Pate decision. And again, he did not cite for that at all. And I think it's telling that his citation to Pate changed in state court briefing to federal court. In state court, he cited to the general due process standard, which is frequently actually cited in substantive competency issues. And in this court, in Woodford v. Williams, actually discussed procedural and substantive competency claims and used similar language, as Mr. Williams argued with his Pate citation in the Woodford v. Williams case as discussing a substantive competency claim. So citation to Pate alone without more is not sufficient to exhaust a procedural competency claim. And what he's essentially asking is that the court read between the lines. And he says that regardless of how it's raised, the court is on notice. But nowhere in Mr. Williams' state court briefing does he even reference the competency statute. He does not use the words competency hearing in any regard. He does not say that the court failed to inquire. Any of the terminology that is frequently considered a Pate claim was not found anywhere in his state court briefing. And his argument that the court should read between the lines and it should be obvious that a claim was there ignores case law on exhaustion, that if a claim is just hinting within the briefing that he does not have to squarely raise it. Case law is very clear that a petitioner intending to raise a federal claim must specifically say so and give the courts an opportunity to review that claim. And it makes sense that the state court in this case did not adjudicate a procedural competency claim because he simply did not raise one. It also ignores counsel's professional judgment as to which claims have more merit. The counsel is not expected to raise every conceivable claim on appeal. And in this court, in this case, it makes sense that counsel would not have raised a procedural competency claim in state court, particularly under the Supreme Court's decision in State v. Hedrick indicating that a procedural claim can be waived. And what we have in this case is a Western State competency evaluation. And these individuals had looked at Mr. Williams for 10 months. The court had looked at, I believe, five different evaluations throughout this 10-month period. And the court has counsel before it saying, I would submit to the court that my client is competent. My client has instructed me not to challenge the findings of competency after review of the report. And State v. Hedrick discusses that stipulations of counsel can be raised out in a court's mind as to questions of competency. And I think Mr. Williams' arguments with regards to the uncertified ineffective assistance of counsel claim actually contradicts his claim before this court that he had exhausted a procedural competency claim. Because in his ineffective assistance of counsel claims, he argues that trial counsel's actions actually prevented the court from having a hearing. And it was because of counsel's actions that the court did not have an evidentiary hearing. And Mr. Williams also argues that before this court, that counsel essentially coached their client into how to appear competent before the court. If all of that were true, it's difficult to see how the court should have been on notice and had bona fide doubts about competency when they essentially convinced the court, I guess he's saying unethically, as to how to appear competent before that court. And their statements that we are not contesting competency prevented them from having a hearing. These arguments go primarily to whether he affirmatively raised the pate in the procedural competence. What about the theory that substantive competence is like an umbrella to a degree? And so inevitably, it also raises the precursor procedural incompetence issue. I disagree with that. And I think this court's decision, Boyd versus Brown, is a good indication that that is not what occurs. In that case, the court noted that the only claim that was raised before the court was a substantive competency claim. And this was the reason that I submitted that supplemental authority. If it was as Mr. Williams claims, and any time a petitioner raises a substantive claim, a procedural claim is essentially required to be evaluated before a court can get to a substantive claim, it would seem that in that case, this court would have said, even though you didn't raise a procedural competency claim, we're going to address it because we cannot possibly address a substantive claim without addressing the procedural claim. And that did not occur. And it makes sense that that wouldn't occur because a court could comply with, to the letter statute, and inquire into competency. And I would argue that in this case, the court did do that. But the substantive argument is that regardless of whatever procedures were in place, the ultimate result is incorrect. I presume . . . . . . Well, let me ask you the same question that I asked counsel, and that is, forgetting who raised what, but let's just say they're potentially both on the table. And in the substantive competency claim, you have whatever evidence the defendant now decides to put in front of you. And the court were to determine that there is not substantive incompetence. Counsel says, but you still could go back and find procedural incompetence, and the remedy would then be a reversal of the conviction, if I understood his argument correctly. What is your position on that? I don't know how that would be. To me, if a petitioner is raising both claims, I think the substantive competency claim would swallow the procedural competency claim. Because substantive competency actually asks whether the defendant was actually competent. The procedural claim is just with regards to procedures, and it doesn't really matter whether or not the petitioner was incompetent. And if the court determined that the petitioner was not competent, then it wouldn't matter what the trial court had done one way or the other, correct? Correct. And if the court determines that he was competent, would that also essentially swallow the procedural issue? I think it would, yes. I also wanted to point out that Mr. Williams also argues that Lounsbury applies even if this court finds that he only raised a substantive competency claim in the state courts. But that is not what Lounsbury held, nor could it. And in Lounsbury, the court was very clear that the petitioner raised both claims in the Court of Appeals. But due to Oregon's rules, attorneys there are faced with a dilemma of having to say enough to exhaust under AEDPA, but not saying so much to offend Oregon's rules. And that's what led to the attorney in that case having to essentially drop the substantive competency claim when he got to the Supreme Court. And the Oregon rules allow the Supreme Court to look back at the Court of Appeals briefing to see what was raised there. Additionally, the case law, I think it was Peterson v. Lampert, indicates that if a strategic choice is made, that the exception in Lounsbury does not apply. And I would argue that in this case, Mr. Williams' counsel very clearly made a strategic choice to argue substantive competency to the exclusion of procedural competency. Again, it's made very clear in the state court briefing, specifically his reply brief when he did not refute or deny at all the state's claim that he did not raise a procedural argument under the competency statute. He had had a determination of competency. He did. And that's what makes this case different from all of these other cases. That's correct. So, the procedural has to be that there was enough there that the judge should have asked for a new one. And also, he also takes issue with the actual competency hearing that did occur. And I just wanted to point out to the court, RCW 10.77.084 states that if a court finds, sends a petitioner to, or a defendant to be evaluated for competency in restoration, and there is a finding that the petitioner is now competent, the court can hold a hearing or have entry of an agreed order. And again, the findings of fact in this case on competency specifically state that both the defendant and defense counsel spoke in support of competency. So there was an agreed order and that is completely correct under the state law. Thank you. Thank you. I think we took up a lot of your time. We'll give you a minute for rebuttal. Okay. Thank you. I think I'm well over my time. Yes. Yes. I think, given your question to the state, I think I understand your question, though. So I'm going to try to address it. All right. And hopefully I grasp it. You're saying if the court found that he, by raising one, he raised both and they decide on one, doesn't that subsume the other? Is that, that's your question? It may moot. It would moot the other. Yes. I don't think that, I think what happened here, though, was that the court ignored the procedural context of it. I think that they needed to decide on both and I think that's relevant from the very opening line of the state court's brief, which is it said he required hearings as to his competency and they never addressed it. So I think if they had considered both whether there should have been bona fide doubts and whether there actually was a competency issue and said there's no question as to his competency, then I think I agree with your point, but I don't think that they considered it that way. Thank you. And I'd just like to say that the fact that he argued it a certain way in his reply brief doesn't in any way make it a strategic choice. The fact is he satisfied the test of Castillo. He argued the facts and the law and put the court on notice of the issue. I'm already out of time, so I will, but I would just say, I would just like someone to understand that Mr. Williams has rights and can't just be passed along like every court has done to him all along the way. Thank you. Thank you. Thank you both for the briefing and argument. Very interesting case. The case just argued, Williams v. Herzog is submitted.
judges: Goodwin, Schroeder, McKeown